UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **VINCENT M. CREPPEL (#285101)** | |
| **VERSUS** | **CIVIL ACTION** |
| **ELAYN HUNT CORR. CENTER, ET AL.** | **NO. 20-497-SDD-SDJ** |

*consolidated with*

| | |
|---|---|
| **VINCENT M. CREPPEL (#285101)** | |
| **VERSUS** | **CIVIL ACTION** |
| **ELAYN HUNT CORR. CENTER, ET AL.** | **NO. 21-288-BAJ-RLB** |

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law, and recommendations therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

**ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT**.

Signed in Baton Rouge, Louisiana, on June 6, 2023.

**SCOTT D. JOHNSON**
**UNITED STATES MAGISTRATE JUDGE**

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

**VINCENT M. CREPPEL (#285101)**

**VERSUS**

**ELAYN HUNT CORR. CENTER, ET AL.**

CIVIL ACTION

NO. 20-497-SDD-SDJ

*consolidated with*

**VINCENT M. CREPPEL (#285101)**

**VERSUS**

**ELAYN HUNT CORR. CENTER, ET AL.**

CIVIL ACTION

NO. 21-288-BAJ-RLB

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This matter is before the Court on Petitioner's application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. *See* R. Doc. 1. Petitioner Vincent M. Creppel challenges the issuance of a detainer and seeks to have the detainer recalled.

### Factual Background

On October 4, 2003, while out on parole in the state of Louisiana, Petitioner drove to Mississippi without permission. *See* R. Doc. 1-2, p. 3. On November 7, 2003, a warrant and requested detainer was issued by the Louisiana Parole Board for a parole violation. *See* R. Doc. 1-2, p. 5. On August 2, 2005, Petitioner plead guilty to armed robbery and aggravated assault in the state of Mississippi and was sentenced to serve a term of 30 years for armed robbery and 20 years for aggravated assault, with the sentences to run concurrently. *See Creppel v. Banks,* 2018 WL 2472609 (S.D. Miss. 5/2/18). On October 27, 2005, a certified copy of the 2003 warrant and request for a detainer was resent to the Mississippi Department of Corrections. *See* R. Doc. 1-2, p. 6.

On April 30, 2012, Petitioner's parole was revoked in Louisiana. *See* R. Doc. 1-1, p.5. On May 1, 2012, a request was made by the State of Louisiana to have the 2003 detainer removed because Petitioner's parole had been revoked so he was no longer wanted for a parole violation. *See* R. Doc. 1-1, p. 8. On May 8, 2012, the 2003 detainer was removed. *See* R. Doc. 1-1, p. 9. On January 31, 2014, a new detainer was placed at the request of the State of Louisiana. *See* R. Doc. 1-1, p. 13.

### Procedural History

On October 20, 2015, Petitioner filed a Motion to be Returned for Revocation Hearing or in the alternative Dismissal of Detainer in the 24th Judicial District Court. He was instructed to refile this Motion in East Baton Rouge Parish, and the Motion was refiled in the 19th Judicial District Court on February 11, 2016. The Motion was dismissed on September 26, 2018. Petitioner then attempted to file a Motion to Dismiss Detainer in May and again in June of 2020 in the 19th Judicial District Court.

Petitioner did not seek further review of any of his motions. The instant Petition for Writ of Habeas Corpus was filed by Petitioner on July 28, 2020.

### Exhaustion of State Court Remedies

Federal law is clear that a state prisoner must exhaust available state court remedies as to each and every ground upon which he claims entitlement to habeas relief, whether pursuant to 28 U.S.C. § 2241 or § 2254(b). *See Dickerson v. Louisiana,* 816 F.2d 220, 225 (5th Cir.1987), *cert. denied,* 484 U.S. 956 (1987); *Rose v. Lundy,* 455 U.S. 509 (1982). Generally, the exhaustion requirement is satisfied only when the grounds urged in a federal petition were previously presented to the state's highest court in a procedurally proper manner. *See Dupuy v. Butler,* 837

F.2d 699, 702 (5th Cir.1988). A total exhaustion rule promotes comity, and such a rule does not unreasonably impair a prisoner's right to relief. *See Rose,* 455 U.S. at 523.

A federal district court may notice *sua sponte* the lack of exhaustion. *Shute v. State,* 117 F.3d 233, 237 (5th Cir. 1997). Federal courts can dismiss without prejudice a federal petition for writ of habeas corpus that contains unexhausted grounds for relief. *See Rose v. Lundy,* 455 U.S. 509, 510 (1982). As a matter of comity, the state courts must be given a fair opportunity to hear and consider the claims raised by an applicant before those claims are heard in federal court. *See Picard v. Connor,* 404 U.S. 270, 275 (1971).

Though Petitioner filed various motions in the 19th Judicial District Court, he did not seek any further review. In order to exhaust his state court remedies after his motions were unsuccessful in the trial court, Petitioner was required to seek discretionary review in the First Circuit Court of Appeals. If unsuccessful in the Court of Appeals, Petitioner was then required to seek further review in the Louisiana Supreme Court. Petitioner did not comply with this exhaustion process, and his claim should be dismissed[1].

## Certificate of Appealability

Should Petitioner pursue an appeal, a certificate of appealability should also be denied. An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(A). Although Petitioner has not yet filed a Notice of Appeal herein, the Court may address whether he would be entitled to a certificate of appealability. *See Alexander v. Johnson*,

---

[1] Even if the Court could consider Petitioner's claim, a substantive review would fare no better. Nothing in the petition sets forth a basis for removal of the 2014 detainer. Petitioner's parole was revoked automatically due to Petitioner's felony conviction in Mississippi. *See* La. R.S. 15:574.10. While the initial 2003 detainer issued for a parole *violation* was revoked, it appears that the 2014 detainer was issued due to the 2012 parole *revocation*. As such, there appears to be no basis for removal of the 2014 detainer.

211 F.3d 895, 898 (5th Cir. 2000). A certificate of appealability may issue only if a habeas petitioner has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2).

To make a substantial showing, the petitioner need only show that "jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). Moreover, "[w]hen the district court denied relief on procedural grounds, the petitioner seeking a COA must further show that 'jurists of reason would find it debatable whether the district court was correct in its procedural ruling.' " *Rhoades v. Davis*, 852 F.3d 422, 427 (5th Cir. 2017) (quoting *Gonzalez v. Thaler*, 565 U.S. 134, 140-41 (2012)).

Here, reasonable jurists could not debate that the petition, on its face, shows that Petitioner failed to exhaust his state remedies prior to filing his habeas petition with this Court. Accordingly, it is appropriate that, in the event that Petitioner seeks to pursue an appeal in this case, a certificate of appealability should be denied.

## **RECOMMENDATION**

It is recommended that Petitioner's application for habeas corpus relief be dismissed for lack of exhaustion, without prejudice to Petitioner's ability to file a timely petition for the federal writ of habeas corpus, if necessary, upon the exhaustion of his claims in state court. It is further recommended that, in the event Petitioner pursues an appeal in this case, a certificate of appealability be denied.

Signed in Baton Rouge, Louisiana, on June 6, 2023.

_____
**SCOTT D. JOHNSON**
**UNITED STATES MAGISTRATE JUDGE**